## H. H. BRIGGS ET AL. v. ASHEVILLE DEVELOPERS.

(Filed 19 May, 1926.)

**1. Appeal and Error—Trial by Jury—Waiver—Agreement of Parties as to Facts—Evidence—Remand.**

Where upon the trial of an action, as distinguished from the submission of a controversy without action under C. S., 626, the parties have assumed to agree upon the essential facts, waived a trial by jury, and submitted the matters of law to the trial judge, on appeal the judgment will be remanded to be proceeded with when the facts agreed upon are insufficient for the determination of the controversy, but are only evidence of a determinative fact.

**2. Same—Deeds and Conveyances—Mortgages—Resale—Statutes—Prima Facie Case—Facts Agreed.**

Where the question in controversy in a suit for specific performance against the purchaser, is whether there had been a compliance with our statute as to a resale under a mortgage upon the raise of a bid at a prior sale, the recitals relating thereto in the deed tendered by the mortgagor are only prima facie evidence of such facts, and alone are insufficient to sustain the judgment.

**3. Clerks of Court—Mortgages—Resale—Statutes — Tender of Deed— Orders Nunc Pro Tunc.**

Where a resale of lands under mortgage has been made under the provisions of our statute, the clerk may enter an order accepting the mortgagor's deed *nunc pro tunc* as to the time it should have been tendered, when otherwise the observance of the statute has been made.

**4. Mortgages—Statutes—Resales—Title.**

Under the provisions of our statute as to resale of mortgaged lands upon a raised bid, it is required that the matter be kept open by the clerk for ten days thereafter, in order that the purchaser thereat may acquire title. C. S., 2591.

**5. Same—Deposit with Clerk—Appeal and Error.**

*Held*, under the facts of this case presenting the question of a valid resale of mortgaged land under the provisions of C. S., 2591, objection that only two per cent of the proposed advanced bid was deposited with the clerk was untenable.

APPEAL by defendant from *McElroy, J.,* at April Term, 1926, of BUNCOMBE.

Civil action for specific performance, submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey certain lands to the defendant, duly executed and tendered a deed therefor and demanded payment of the purchase price, as agreed. The defendant declined to accept the deed and refused to make payment, claiming that the title offered is defective.

. On the facts agreed the court, being of opinion that the deed tendered was sufficient to convey a good title, gave judgment for the plaintiffs, from which the defendant appeals, assigning errors.

*Ruffner Campbell for plaintiffs.*
*Jones, Williams & Jones for defendant.*

STACY, C. J. This is not a controversy without action submitted on an agreed statement of facts for the determination of a question in difference between the parties, as authorized by C. S., 626, but it is a suit to compel the specific performance of a written contract to buy land and to recover the purchase price agreed to be paid therefor. Certain facts having been agreed upon by the parties, a jury trial was waived and the matter submitted to the court for its decision, on the facts agreed, as to the validity of the title offered by the plaintiffs.

The only alleged defect in the title offered by the plaintiffs relates to a foreclosure sale, had in 1918.

It is agreed that the property in question was sold by H. H. Briggs and wife to the Happy Valley Country Club, Inc., on 11 April, 1917, and on the same day the Happy Valley Country Club, Inc., executed and delivered to the Wachovia Bank & Trust Company, trustee, a deed of trust on said property to secure an indebtedness of $15,808 due H. H. Briggs as a part of the purchase price of said land; that under the power of sale contained in said deed of trust and in strict compliance with the terms of foreclosure contained therein, default having been made in the payment of principal and interest, the property was sold at the courthouse door in Buncombe County, 9 September, 1918, when and where Jake M. Chiles became the last and highest bidder for $12,200; that the trustee immediately reported this sale to the clerk of the Superior Court, and on 11 September, 1918, a resale was ordered on an increased bid of $12,860, but only 2% of the proposed advance bid was deposited with the clerk; that thereafter the Wachovia Bank & Trust Company, trustee, delivered to H. H. Briggs a deed for said property, duly executed and acknowledged on 11 October, 1918, but said

50—191

deed recites that it was made and entered into 28 September, 1918, and contains, among other recitals, the following:

"Whereas, within ten days after sale (to J. M. Chiles on 9 September, 1918), and the report thereof, said bid was duly raised, and said clerk of the Superior Court of Buncombe County thereupon ordered and directed said Wachovia Bank and Trust Company to again advertise and sell said property; and,

"Whereas, in pursuance of said order and direction, said Wachovia Bank and Trust Company, after due advertisement according to law, again offered said land described in, and conveyed by, said deed in trust, and hereinafter described, at public auction in front of the county courthouse door in Asheville, North Carolina, at 12 o'clock noon, on 28 September, 1918, when and where said H. H. Briggs became the last and highest bidder for said lands at the sum of $13,000, and was declared such last and highest bidder at said sum; and,

"Whereas, said H. H. Briggs has paid said sum so bid by him:

"Now, therefore, in consideration of the premises said sum of $13,000 so bid and paid by said H. H. Briggs, the receipt of which is hereby acknowledged, the said Wachovia Bank and Trust Company, trustee, has given, granted bargained, sold and conveyed, and by these presents does give, grant, bargain, sell and convey unto said H. H. Briggs, his heirs and assigns," etc.

It is further agreed that this deed was duly registered in the office of the register of deeds for Buncombe County on 30 December, 1918; that up until 28 April, 1926, there was no record of any report of the resale and no order by the clerk requiring the trustee to make title to the purchaser, but on the said 28 April, 1926, the Wachovia Bank and Trust Company, trustee, did file with the said clerk a report, reciting that in accordance with the order of resale, made by the clerk on 11 September, 1918, the said property was again sold on 28 September, 1918, at which time H. H. Briggs became the last and highest bidder for $13,000, and asked that said report be considered as if made on 28 September, 1918. The clerk thereupon entered an order, *nunc pro tunc,* directing the Wachovia Bank and Trust Company, trustee, to make title to the purchaser, H. H. Briggs, upon receipt of the amount of the bid, the said order "to be of the same force and effect as if made on 28 September, 1918."

H. H. Briggs and wife sold a one-half interest in the property to the Kenilworth Realty Company on 8 November, 1924.

Upon these, the principal facts established by agreement of the parties, his Honor entered judgment for the plaintiffs, being of opinion that they were the owners in fee of the property described in the com-

plaint and that the deed tendered was sufficient to convey a good and indefeasible fee-simple title thereto.

We think the facts agreed upon are insufficient to warrant the court in declaring, as a matter of law, that the title offered is good and indefeasible. It nowhere appears, except from recitals in the deed and report of the trustee, filed *nunc pro tunc,* which constitute only prima facie evidence of the fact, that a resale of the property was had on 28 September, 1918, and that H. H. Briggs became the last and highest bidder at said sale. *Shaffer v. Gaynor,* 117 N. C., 15; *Lunsford v. Speaks,* 112 N. C., 608. The facts agreed, had they been adduced as evidence on the hearing, nothing else appearing, would have warranted a verdict in favor of the plaintiffs, but we are not dealing with a jury verdict, and the crucial facts have not been established on the record. Furthermore, the *nunc pro tunc* order of the clerk, entered on 28 April, 1926, provides that it shall have the same force and effect as if made on 28 September, 1918. If the resale took place on 28 September, it is provided by C. S., 2591, that all such sales shall remain "unclosed for ten days." *In re Sermon's Land,* 182 N. C., p. 128. Hence, the clerk's order should not have been made until the expiration of ten days after the sale and without any increased bid in the meantime. *Trust Co. v. Powell,* 189 N. C., 372.

There can be no objection to the clerk's order simply upon the ground that it was entered *nunc pro tunc. Lawrence v. Beck,* 185 N. C., 196.

Nor can the order of resale, made on 11 September, 1918, under the facts of the present record, be impeached upon the ground that only 2% of the proposed advance bid was deposited with the clerk. *Pringle v. Loan Asso.,* 182 N. C., 316.

Let the cause be remanded, to the end that further proceedings may be had as the law directs and the rights of the parties require.

Error and remanded.