## MILES MUSE v. THOMAS H. HATHAWAY ET AL.

(Filed 23 February, 1927.)

1. **Limitation of Actions—Deeds and Conveyances—Reformation—Equity —Fraud—Mistake—Statutes.**

    While a deed reserving a life estate in the grantors may be reformed for fraud, mutual mistake, etc., so as to show that in fact it was a mortgage with the defeasance clause omitted, and permit those claiming title under the mortgagor after his death to have an accounting in proper instances, they must do so within three years from the discovery of the fraud, etc., or when they should reasonably have discovered it, during the continuance of the life estate or thereafter, under the provisions of C. S., 441(9) and 437(4).

2. **Reformation of Instruments—Equity—Burden of Proof.**

    The burden of proof is on the party seeking to reform a deed absolute upon its face into a mortgage.

3. **Same—Deeds and Conveyances—Evidence.**

    It is necessary for a party seeking to reform a deed absolute upon its face into a mortgage to show facts and circumstances dehors the deed inconsistent with its terms as to entitle him to the relief sought for.

APPEAL by plaintiff from *Nunn, J.,* at September Term, 1926, of CHOWAN.

The verdict was as follows:

1. Is defendant's action barred by the statute of limitations as alleged in plaintiff's reply? Answer: No.

2. Was the deed of John and Rebecca Hathaway to Miles Muse, dated 22 August, 1918, intended to operate as a mortgage and the clause of defeasance omitted from said deed through mutual mistake of parties or mistake of grantors induced by fraud of said Muse as alleged in the answer of defendants? Answer: Yes.

Judgment for the defendants. Exception and appeal by the plaintiff.

*W. D. Pruden for plaintiff.*
*H. R. Leary and Ehringhaus & Hall for defendant.*

ADAMS, J. On 22 August, 1918, John Hathaway and Rebecca, his wife, who were seized by entireties of the land in controversy, executed and delivered to the plaintiff a written instrument purporting to be a deed therefor, expressly reserving to themselves an estate for life. The paper was registered the next day. John died in November, 1918, leaving his surviving widow the sole owner of the reserved estate, and she died on 21 April, 1925. *Davis v. Bass,* 188 N. C., 200.

After the death of Rebecca and the consequent termination of the life estate, that is, on 2 June, 1925, the plaintiff instituted this action against the defendants, who are Rebecca's heirs at law, to recover possession of the land; and they resisted recovery upon the ground that the instrument, though executed in the form of a deed, was intended as a security for debt, or a mortgage, and that the clause of defeasance had been omitted by the mutual mistake of the parties, or by the inadvertence of the draftsman, or by the mistake of the grantors induced by the fraud of the plaintiff. They prayed that the paper be reformed, that an accounting be had, and that they be permitted to redeem.

The plaintiff filed a reply, alleging that the grantors and the defendants knew that the paper was intended as a deed, and had knowledge of its contents and of the circumstances under which it was executed; and that in any event, if its execution was subject to impeachment as alleged, they knew or should have known of the fraud or mistake for more than three years preceding the commencement of the action, and that their cross-action for reformation is barred by the statute of limitations.

With respect to the bar of the statute two questions are to be considered: (1) Whether an action to reform a deed and to convert it into a mortgage by engrafting a clause of defeasance which has been omitted by mutual mistake or by fraud and mistake is barred in ten or in three years, and (2) whether, if the three-year statute applies, there was error in the instructions given the jury.

The defendants say that the deed in question was intended by the parties to be effective as a mortgage; that the redemption of the mortgage is the main relief which they seek; that reformation of the deed is incidental, and that their cause of action· is not barred within ten years. C. S., 437(4). They cite *Pritchard v. Williams,* 175 N. C., 319, as authority for their position; but there is an obvious distinction between that case and this. There the doctrine discussed is whether the right of a remainderman to have a parol trust in land declared during the existence of the life interest is inconsistent with his right to bring suit after the falling in of the life estate to declare the trust and to recover possession of the land; and it was held that a remainderman's right to equitable relief whenever necessary to protect his interest against loss or injury is in the nature of a bill to perpetuate testimony with the additional element of a declaration of trust; that the two rights are not inconsistent, and that as the plaintiffs had brought their action within the prescribed period after the termination of the life estate their cause was not barred. There is no suggestion that their right to have the trust declared during the continuance of the life interest would have been barred by any statute not applicable to the main relief, which was the recovery of the land as well as the declaration of a trust.

In the case before us the circumstances are entirely different. If the deed was a mortgage in fact and in law, it was subject to be redeemed at any time within ten years; but an action for relief on the ground of fraud or mistake must be brought within three years from the time the cause accrues, the words "relief on the ground of fraud" having a meaning broader than that which is denoted in ordinary actions at law for fraud and deceit. C. S., 441(9); *Little v. Bank,* 187 N. C., 1. There can be no doubt that the language of the statute is sufficiently comprehensive to include the "mutual mistake" or the "fraud and mistake" alleged as a basis of the prayer for reformation; and the principle controlling upon this theory is enounced·in the case last cited. The plaintiff in that action sought to impress a trust upon certain property conveyed to the defendant's intestate for the reason that the execution of the conveyance had been procured by fraud; and in the opinion it was said that the alleged right to impress the trust (which would be barred in ten years) was dependent upon the validity or invalidity of the deed made by the plaintiff (which must be determined in three years); and if the right to assail the deed was barred, all claims to the proceeds in possession and control of the grantee or his successors were likewise barred. *Little v. Bank, supra.*

We cannot accede to the defendants' contention that the reformation of the deed for fraud or mistake is merely incidental to the redemption of the mortgage. Mutual mistake or mistake induced by fraud is essen-

tial to the correction of the deed; it is the vital element. Unless the deed is reformed by inserting the omitted clause of defeasance it remains a deed; it can be reformed only by establishing mutual mistake or fraud and mistake; and an action for either of these causes must be prosecuted within three years after accrual. To say that reforming the deed is only an incident in the process of redeeming the mortgage is equivalent to saying that contrary to the statute relief on the ground of fraud or mistake may be had at any time during the ten-year period allowed for the redemption of the mortgage.

The next question is whether there was error in the instruction given the jury in reference to the three-year statute of limitations. If it be granted that reserving a life estate to the makers of the deed is not inconsistent with the notion or conception of a mortgage, still if the makers knew that the mutual intent was to execute a mortgage the reserved estate did not preclude them, or the survivor, from seeking relief in a court of equity. The life interest did not prevent the statute from running. In view of this principle, the plaintiff excepted to the following instruction: "The burden is upon the defendants to satisfy you from the evidence and its greater weight that their cross-action was commenced within three years from the time of the alleged discovery by them of the alleged mutual mistake or fraud, or within three years from the time they, by the exercise of ordinary diligence, should have discovered such mutual mistake or fraud. If the defendants have so satisfied you from the evidence you should answer the first issue 'No'; if the defendants have failed to so satisfy you from the evidence, you should answer the first issue 'Yes.'"

In effect, this is an instruction that the statute did not run against Rebecca, the surviving grantor and sole owner of the alleged equity of redemption. But there is evidence tending to show that Jackson Rumble, "acting for Rebecca," tried to get the property back three or four days after John Hathaway's death; and the plaintiff requested an instruction that the statute would run against her. Certainly, if Rebecca was barred, the defendants also were barred; but the jury was not permitted to consider this phase of the evidence.

We cannot say there was no evidence to support the cross-action, and for this reason the plaintiff's motion for nonsuit must be denied; but we call attention to the principle that in order to reform a deed and convert it into a mortgage the intention of the parties must be established, not merely by proof of declarations, but by proof of facts and circumstances dehors the deed inconsistent with an absolute purchase. *Streator v. Jones,* 10 N. C., 423; *Kelly v. Bryan,* 41 N. C., 283; *Sowell v. Barrett,* 45 N. C., 50; *Crawford v. Willoughby,* 192 N. C., 269.

New trial.