## H. S. DOWLING v. SOUTHERN RAILWAY COMPANY.

(Filed 9 November, 1927.)

**1. Actions—Statutes—Facts Agreed.**

> Where the facts are agreed upon by the parties and the trial court is thereupon by agreement to rule the law, in a suit to quiet title to lands, it differs from a controversy submitted without action under the provisions of C. S., 626.

**2. Railroads—Eminent Domain—Easements—Rights of Way—Damages —Compensation of Owners of Land—Courts.**

> Where a railroad company organized under the law of another State is authorized under its charter to acquire lands for railroad purposes, which may be "necessary" or wanted for building a railroad, and by statute in this State it is given the same right of condemnation as it had under its charter, with "all the general powers that are by statute concerning corporate companies conferred on corporations," and the railroad company has in pursuance of this restrictive right entered upon the plaintiff's land and continuously occupied a right of way of a certain width; and no agreement having been made with the owners as to the

amount of compensation, such owners bring action to have the amount ascertained, and have been paid accordingly: *Held*, the compensation paid to the owners was only for the width of the restricted right of way originally taken, and the general statute presuming that the right of way taken thereunder would extend "not less than eighty nor more than one hundred" feet, has no application either in favor of the original railroad or its successors in title as affecting the width of the right of way originally taken under its charter.

**3. Same—Suits—Cloud on Title—Equity—Anticipatory Damages—Courts.**

In this suit to remove a cloud upon the title to plaintiff's land: *Held*, under the exceptions presented by plaintiff's appeal, a new trial will not be granted, as they are based on an anticipatory occurrence, which has not happened.

**4. Courts—Supreme Court—Decisions.**

An opinion of the Supreme Court should be considered and applied as a precedence in its relation to the facts upon which its conclusions of law are based.

APPEALS by plaintiff and defendant from *Finley, J.,* at March Term, 1927, of MECKLENBURG.

Civil action to quiet title and to remove cloud therefrom.

By stipulation of counsel, duly entered of record, the fact situation was agreed upon, a jury trial waived, and the cause submitted to the judge for determination, as a matter of law, on undisputed facts. These, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:

1. The plaintiff is the owner of a lot of land situate in the city of Charlotte, which is a part of a two-acre tract, originally owned by the heirs of Edward Lonergan, "through and upon a portion" of which the Atlantic, Tennessee and Ohio Railroad Company, a Tennessee corporation, constructed its line of railroad, consisting of "roadbed, track and necessary appurtenances," soon after it was authorized to do business in this State by act of Assembly, 15 February, 1855, ch. 27, Laws of 1854-1855, with the same power it had under its Tennessee charter, previously granted in 1852, of "surveying, locating and condemning property that is allowed in the State of Tennessee."

2. Under its Tennessee charter the A. T. & O. R. R. Company was authorized and empowered to "purchase, have and hold in fee, or for a term of years, any lands, tenements or hereditaments which may be necessary" for building a railroad, with one or more tracks, to be used with steam, animal or other power, between Charlotte, N. C., and some point on the East Tennessee and Virginia Railroad; and further the president and directors of said company, or their agents, were authorized to agree with the owner of any land, earth, timber or stone or any

other materials or improvements "which may be wanted for the construction or repair of any of said road or any of their works," and in case they failed so to agree, condemnation was authorized "where such land or material may be wanted" for the purposes aforesaid, and upon the payment of the damages assessed in such proceeding, the said company was permitted to enter upon the premises and appropriate to the use of the company any land, earth, timber, stone, or other materials "necessary for the construction of said railroad."

3. By an act of the General Assembly of North Carolina, ratified 23 February, 1861, the charter of the A. T. & O. R. R. Company was amended whereby said company was given "all the general powers that are by the statute concerning corporate companies conferred on corporations."

4. Under the statute then in force concerning corporate companies, chapter 61, Revised Code (1854), sec. 27, now C. S., 1733, it was provided that the "width of the land condemned for any railroad shall not be less than eighty feet nor more than one hundred, except where the road may run through a town, when it may be of less width; or where there may be deep cuts or high embankments when it may be of greater width."

5. At the October Term, 1862, Court of Pleas and Quarter Sessions, Mecklenburg County, North Carolina, the heirs of Edward Lonergan, plaintiff's predecessors in title, filed their petition in said court alleging that the A. T. & O. R. R. Company had located its railroad through and upon a portion of their lands, situate in the city of Charlotte; "that they cannot agree with your petitioners in the price to be paid them for the land so occupied," and they asked that commissioners be appointed to assess the damages, which were assessed at $500, and this amount was paid by the said railroad company.

6. The A. T. & O. R. R. Company constructed its line of railroad over the *locus in quo,* about the year 1859 or 1860, and the physical structure of the railroad, including roadbed, track and appurtenances, is the same today as it was when originally built.

7. The defendant, Southern Railway Company, is the successor in title to all the right, title and interest formerly owned by the A. T. & O. R. R. Company, in and to said line of railroad and its appurtenances, and is now engaged in operating the same.

Upon these facts, the facts chiefly pertinent, the trial court held that the Atlantic, Tennessee and Ohio Railroad Company acquired by reason of the location of the road in question, and by virtue of the condemnation proceeding, instituted by plaintiff's predecessors in title, a right of way over that part of the *locus in quo* actually occupied by its roadbed,

track and physical structure, and no more. Whatever right the A. T. &
O. R. R. Company thus acquired, it is conceded, the defendant now
owns.

From said judgment both plaintiff and defendant appeal, assigning
errors.

*Taliaferro & Clarkson for plaintiff.*
*John M. Robinson for defendant.*

STACY, C. J., after stating the case: This is not a controversy without
action, submitted on an agreed statement of facts, for the determina-
tion of a question in difference between the parties, as authorized by
C. S., 626, but it is an action to quiet title and to remove cloud there-
from. Certain facts having been agreed upon by the parties, a jury
trial was waived and the matter submitted to the court, on the facts
agreed, for determination and adjudication of the rights of the parties.

With respect to the plaintiff's appeal, it is sufficient to say that the
assignments of error, appearing of record, are not well founded. The
chief objection is apparently based on an anticipatory occurrence, which
has not happened, and we think the judgment accords to the plaintiff
all that is warranted by the instant facts. Plaintiff has no just cause
to complain.

The defendant's appeal presents the question as to whether the
Atlantic, Tennessee and Ohio Railroad Company, by reason of the loca-
tion of its railroad, through and upon a portion of the *locus in quo* in
1859 or 1860, and by virtue of the condemnation proceeding, instituted
by plaintiff's predecessors in title in 1862, acquired a right of way of
"not less than eighty feet nor more than one hundred," or only of the
width of so much as was actually occupied by its roadbed, track and
physical structures.

It is the contention of the defendant that the condemnation proceed-
ing, instituted by plaintiff's predecessors in title, was brought under the
general statute, and that the width of the right of way, condemned
thereunder, was necessarily not less than 40 feet nor more than 50 feet
on either side, measuring from the center of the track. For this posi-
tion defendant relies strongly upon what was said in the following
cases: *Wearn v. R. R.,* 191 N. C., 575; *Griffith v. R. R.,* 191 N. C., 84;
*Tighe v. R. R.,* 176 N. C., 239; *Hendrix v. R. R.,* 162 N. C., 9, and
*R. R. v. Olive,* 142 N. C., 264.

It must be conceded that the language used in some of our decisions,
unless heed be given to its setting, is broad enough to afford some show
of force and color of strength to the defendant's position. For this

reason the admonition given by *Chief Justice Marshall* in *Burr v. U. S.,* 4 Cranch, 470, seems appropos: "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered."

The one circumstance which differentiates this case from all the rest is the fact that at the time the road in question was constructed through and upon a part of the *locus in quo,* the A. T. & O. R. R. Company was authorized to take only such right of way as was "wanted" or "necessary" for the construction of its line of railroad. This it took in 1859 or 1860. The condemnation proceedings, instituted in 1862 by the Lonergan heirs, plaintiff's predecessors in title, was for the land thus previously taken and "so occupied." Damages for this, and this alone, seems to have been awarded in said proceeding. At any rate, such was the holding of the court below, and no error has been made to appear on defendant's appeal.

The law in respect to the right of way acquired by the Atlantic, Tennessee and Ohio Railroad Company was before us in the case of *Griffith v. R. R.,* 191 N. C., 84, and we deem it unnecessary to repeat what has been so recently said in a valuable opinion in that case by *Associate Justice Brogden.*

The judgment must be upheld on both appeals.

Affirmed.