R. L. JOHNSON v. PILOT LIFE INSURANCE COMPANY.

(Filed 26 February, 1941.)

**1. Limitation of Actions § 7—**

In actions based on fraud the cause of action does not accrue and the statute of limitations does not begin to run until the facts constituting the fraud are known by plaintiff or until he should have discovered them in the exercise of reasonable business prudence. C. S., 441 (9).

**2. Same—Evidence of whether guardian knew or should have known of facts constituting fraud more than three years before institution of action held for jury.**

This action was instituted by insured to rescind on the ground of fraud a release of insurer from liability on a disability clause in a life policy. Insurer contended that the guardian appointed for insured in lunacy proceedings knew or by the exercise of due diligence should have known the facts constituting the fraud more than three years prior to the institution of the action, so that the failure of the guardian to sue was the failure of the ward, entailing the same legal consequences in regard to the bar of the statute. *Held:* Conflicting evidence relating to the knowledge of the guardian raised a question of fact within the exclusive province of the jury, and the insurer's motion to nonsuit and request for peremptory instructions on the issue of the bar of the statute were properly denied.

**3. Appeal and Error § 49a—**

Where it is determined on a former appeal that the evidence relative to a particular issue was sufficient to be submitted to the jury, and upon the subsequent trial the evidence relating to the issue is without substantial difference, the denial of defendant's motion to nonsuit upon the issue in the second trial will not be disturbed on appeal.

BARNHILL, J., not sitting.

APPEAL by defendant from *Hamilton, Special Judge,* at September Term, 1940, of NASH. No error.

This was an action to recover upon the disability insurance provisions of a life insurance policy issued by defendant, and to set aside on the ground of fraud, a settlement and surrender of the policy. The defendant denied fraud, pleaded fairness of the settlement, and set up the statute of limitations. The case was here at Spring Term, 1939 (215 N. C., 120, 1 S. E. [2d], 381), and again at Spring Term, 1940 (217 N. C., 139, 7 S. E. [2d], 475). In the reports of these appeals the facts are sufficiently set out.

On the last trial below issues were submitted to the jury and answered as follows:

"1. Did the plaintiff on or about May 20, 1929, and for 90 days thereafter become totally and permanently disabled so that he was totally and permanently prevented from engaging in any occupation or performing any work for compensation or profits as alleged in the complaint? Answer: 'Yes, by consent.'

"2. If so, did such permanent and total disability continue to exist up to and including the 28th day of November, 1936, as alleged in the complaint? Answer: 'Yes.'

"3. Was the plaintiff incompetent and insane continuously from May 20, 1929, through the month of December, 1934, as alleged in the complaint? Answer: 'Yes.'

"4. If so, did the defendant Pilot Life Insurance Company on October 16, 1929, have knowledge of the fact that the plaintiff was incompetent and insane? Answer: 'Yes.'

"5. Was the consideration paid to the plaintiff by the defendant for the surrender and cancellation of insurance policy No. 72891 fair and adequate as alleged in the answer under the circumstances then existing? Answer: 'No.'

"6. Is the plaintiff's cause of action barred by the statute of limitations as alleged in the answer? Answer: 'No.'

"7. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: 'One hundred and fifty dollars with interest from Oct. 1, 1929, and a similar sum on the first day of each month thereafter up to and including Nov. 1, 1936, with interest on each of said sums less credits of $5,000.00 with interest from Oct. 16, 1929, of $136.15 with interest from Sept. 1, 1929, and of $136.15 with interest from Dec. 1, 1929.' "

From judgment on the verdict, defendant appealed.

*Itimous T. Valentine, Dan B. Bryan, and Harold D. Cooley for plaintiff, appellee.*

*O. B. Moss, Smith, Wharton & Hudgins, and Battle, Winslow & Merrell for defendant, appellant.*

DEVIN, J. In presenting its appeal, the defendant makes the following formal concession: "Defendant concedes that under the former opinion of the Supreme Court in this case there was evidence sufficient to sustain the verdict on all the issues except the sixth issue, 'Was the action barred by the statute of limitations?' And defendant further concedes that there was evidence sufficient to sustain the verdict on the sixth issue with respect to the mental incapacity of R. L. Johnson himself, but defendant contends that the statute began to run against Daniel L. Johnson, as guardian of R. L. Johnson, more than three years before action was begun."

This narrows our consideration to a single point: Was the evidence upon the question of the discovery by the guardian of the facts constituting fraud such as to entitle the defendant to a judgment of nonsuit on the issue of the statute of limitations?

This same question, among others, was considered on the former appeal, reported in 217 N. C., 139, and decided against the defendant. The rationale of the decision on this point was that while the failure of the guardian to sue in apt time was the failure of the ward, entailing the same legal consequences with respect to the bar of the statute of limitations (*Culp v. Lee,* 109 N. C., 675, 14 S. E., 74), in cases of fraud

the statute would not begin to run until the discovery of the fraud or knowledge of circumstances which would put the person claiming the right to sue on inquiry; and it was held that on this point the evidence then appearing in the record was sufficient to carry the case to the jury.

The statute, C. S., 441 (9), prescribes that in actions based on fraud "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." This has been interpreted to mean that the statute would not begin to run "until the impeaching facts were known or should have been discovered in the exercise of reasonable business prudence" (*Ewbank v. Lyman,* 170 N. C., 505, 87 S. E., 348), or should have been discovered "in the exercise of ordinary prudence" (*Peacock v. Barnes,* 142 N. C., 215, 55 S. E., 99). *Sanderlin v. Cross,* 172 N. C., 234, 90 S. E., 213; *Latham v. Latham,* 184 N. C., 55, 113 S. E., 623.

The evidence on this point adduced at the last trial, compared with that offered on the former trial, which was held sufficient to carry the case to the jury, does not reveal such substantial difference as would justify the reversal of our former ruling. The evidence clearly presented contradictions which it was the exclusive province of the jury to settle. The court fully and correctly charged the jury as to the law applicable to all the testimony on the point which appellant now presses. The jury determined the issues of fact against the defendant. No sufficient ground has been shown which would warrant us in disturbing the result.

The action of the court below in denying the defendant's motion for judgment of nonsuit, and in declining to give the peremptory instructions prayed for must be upheld. *Haywood v. Ins. Co.,* 218 N. C., 736.

In the trial we find

No error.

BARNHILL, J., not sitting.