C. H. LEARY, ADMINISTRATOR OF C. B. COOPER, DECEASED, v. NORFOLK
SOUTHERN BUS CORPORATION;
and
N. P. McDUFFIE v. NORFOLK SOUTHERN BUS CORPORATION.

(Filed 23 September, 1942.)

**Appeal and Error § 49a—**

> Where, on former appeal, a new trial was granted and at the second trial plaintiff offered substantially the same evidence as was offered at the former trial, motion for nonsuit is properly overruled and prayers for a directed verdict on the issues of negligence and contributory negligence properly refused.

APPEAL by defendant from *Williams, J.,* at April Term, 1942, of TYRRELL.

Civil action instituted by N. P. McDuffie to recover damages for personal injuries and property damage resulting from an automobile colli-

sion and a civil action instituted by C. H. Leary, Administrator, for the wrongful death of his intestate resulting from the same accident. The two actions were consolidated for trial by order of the judge. These same actions were consolidated for trial at the April Term, 1941. Judgments were rendered for the plaintiffs and the defendant appealed to this Court and the opinion will be found in 220 N. C., 745, 18 S. E. (2d), 426. The facts stated in the above opinion are substantially the same as those set forth in the present record and need not be repeated here.

Appropriate issues were answered in both cases in favor of plaintiffs and judgments were entered accordingly. From the judgments, defendant appeals and assigns error.

*Sam S. Woodley and McMullan & McMullan for plaintiffs.*
*Ehringhaus & Ehringhaus and R. Clarence Dozier for defendant.*

DENNY, J. The pertinent exceptions and assignments of error are to the overruling of defendant's motion for judgment as of nonsuit made at the conclusion of all the evidence and to the refusal of his Honor to give defendant's prayers for instruction to the jury. These prayers were to the effect that if the jury should find the facts to be as testified to by all the witnesses, the jury should answer the issues of negligence in favor of defendant and the issue of contributory negligence in the case of McDuffie against said plaintiff.

The defendant offered no evidence at the trial below.

The actions in both trials were tried upon the same pleadings except for an amendment to the answer in the *Leary case.* The issues submitted and answered by the respective juries were substantially the same. Unless the evidence varies in important particulars from that offered by the plaintiffs at the former trial, the motion for judgment as of nonsuit cannot be sustained on this record. *Fisher v. Fisher,* 218 N. C., 42, 9 S. E. (2d), 493; *Johnson v. Ins. Co.,* 219 N. C., 202, 13 S. E. (2d), 241; *Wall v. Asheville,* 220 N. C., 38, 16 S. E. (2d), 397; *Pinnix v. Griffin,* 221 N. C., 348, 20 S. E. (2d), 366.

An examination of the two records discloses the evidence offered at both trials by the plaintiffs was substantially the same. Therefore defendant's exception to the refusal of its motion for judgment as of nonsuit, and the exceptions to the refusal of his Honor to give instructions for a directed verdict on the issues of negligence and contributory negligence, cannot be sustained. The issues were properly submitted to the jury. *Clarke v. Martin,* 215 N. C., 405, 2 S. E. (2d), 10; *Page v. McLamb,* 215 N. C., 789, 3 S. E. (2d), 275; *Holland v. Strader,* 216 N. C., 436, 5 S. E. (2d), 311; *Christopher v. Fair Asso.,* 216 N. C., 795, 4 S. E. (2d), 513; *Bechtler v. Bracken,* 218 N. C., 515, 11 S. E. (2d), 721.

The remaining assignments of error are formal and without substantial merit. In the judgment of the court below, we find

No error.