BESSIE N. SWARTZBERG, EXECUTRIX OF THE ESTATE OF ROY E. SWARTZBERG v. RESERVE LIFE INSURANCE COMPANY.

(Filed 16 March, 1960.)

**1. Insurance § 17—**

If insurer would not have issued the policy had it known the truth, a false statement in an application for insurance to the effect that insured had never had diabetes constitutes a material misrepresentation as a matter of law, entitling insurer to rescind the policy upon tender of the premiums paid, nothing else appearing.

**2. Trial § 53½—**

Where the parties waive a jury trial and submit the cause to the court upon stipulated facts, the court has no authority to make additional findings of fact unless so authorized by the stipulations.

**3. Insurance § 18—**

Insurer is not estopped to declare a forfeiture of a policy for material misrepresentations in the application, nor does it waive its right to rescission on this ground, by paying claims or accepting premiums, unless at the time of doing so it had knowledge or notice of the falsity of the representations.

**4. Insurance § 26—**

In an action on an insurance policy the burden is upon plaintiff to establish facts sufficient to constitute waiver or estoppel of insurer to set up a particular defense.

**5. Waiver § 2—**

Acts of a party cannot constitute a waiver of a right when such party at the time has no knowledge of the existence of the right.

**6. Insurance § 26:     Limitation of Actions § 17—**

Where plaintiff in an action on an insurance policy asserts that insurer's right to rescind the policy for misrepresentations in the application was barred by the statute of limitations, the burden is upon insurer to prove that its right to rescission was asserted within the time allowed.

**7. Insurance § 17:     Limitation of Actions § 7—**

G.S. 1-52(9) is applicable to the right of insurer to rescind a policy of insurance for material misrepresentations in the applications, and insurer's right to rescind is not barred until three years after insurer knew or, in the exercise of due care, should have known of the falsity of the representations.

**8. Trial § 55—**

Where the parties waive a jury trial and submit the cause to the court upon a stipulation of facts, and the facts contained in the stipulation are insufficient for an adjudication of the rights of the parties, the court should not make an adjudication adversely to the party upon whom rests the burden of proof, but should proceed to trial to determine upon evidence the crucial factual issues not covered by the stipulations.

APPEAL by defendant from *McLean, J.,* October Term, 1959, of BUNCOMBE.

Civil action instituted July 10, 1957, in the General County Court of Buncombe County by Roy E. Swartzberg, the insured, to recover benefits allegedly owing by defendant under an insurance policy issued by defendant on January 2, 1952.

Answering, defendant admitted the issuance of the policy and the payment of the premiums thereon. It denied, for lack of knowledge or information sufficient to form a belief, Swartzberg's allegations as to the facts on which the present claim is based. In its further answer and defense, defendant denied that it had any obligation under the policy, alleging that the insured, in his application therefor, had made false material statements, upon which defendant relied, and that defendant would not have issued the policy had it known the true facts, and that it had returned or tendered to Swartzberg the full amount of the premiums Swartzberg had paid.

Upon the death of Swartzberg, his executrix, pursuant to court or-

der, was substituted as party plaintiff, adopted the original complaint and filed a reply to defendant's said answer.

Replying, plaintiff (executrix) denied, for lack of knowledge or information sufficient to form a belief, the said allegations of defendant's further answer and defense. Replying further, she alleged that defendant knew or should have known of the existence of any facts giving rise to a cause of action for rescission of the policy at all times from and after January 2, 1952, and that defendant, by its continued acceptance of premiums, waived, and is estopped to assert, any right it may have had to rescind the policy or to deny liability thereon upon the grounds asserted in its said pleading. Plaintiff alleged further that defendant on January 17, 1957, for the first time, attempted to rescind the policy by return of premiums paid by insured, and that "defendant's cause of action, if any, for rescission of said contract of insurance accrued more than five years prior to the institution of this action and more than five years prior to the filing of defendant's further answer and defense in this action, and said lapse of time is hereby expressly pleaded in bar of the matters and things alleged in defendant's further answer and defense."

Upon waiver of jury trial, the cause was heard in the general county court upon stipulated facts which, in substance, were as follows:

In 1956, the insured was hospitalized and operated upon for a prostate gland condition; and, if entitled to recover on said policy, was entitled to recover, as hospital, surgical and ambulance benefits, a total of $703.25.

The premiums paid by the insured, a total of $325.30, were sufficient to extend the coverage beyond the period covered by the present claim. Defendant had paid the insured $156.00 as benefits on prior claims filed under said policy. On January 17, 1957, defendant tendered $169.30 to the insured. Two checks, aggregating $169.30, issued by defendant to the insured, are now held by the plaintiff.

The policy and Swartzberg's application therefor (dated December 28, 1951) constituted the entire contract. In his written answers to the questions on the application form, Swartzberg stated, *inter alia*, (1) that he was then in good health and free from any physical defect, and (2) that he had never had diabetes. As to whether he had received medical and surgical advice and treatment within the past three years, Swartzberg answered, "Yes," and gave as "details" a hernia operation and his doctor's (N. H. Matros) name. Swartzberg's answers or statements were false in that he was not in good health but was suffering from diabetes, so diagnosed by two doctors (Dr. Matros and Dr. Groce) in May, 1951, for which he was given a spe-

cial diet and took insulin and made periodic visits to the doctor, all prior to the date of his said application. The said statements made by Swartzberg were false and were relied upon by defendant and defendant would not have issued the policy had it known the true facts, all of which were in existence on December 28, 1951, and on January 2, 1952.

The "Findings of Fact" set forth in the judgment consist of the facts stipulated and this additional finding: "That the facts regarding any false statements made by Roy E. Swartzberg in said application could have been discovered, upon the exercise of proper effort and reasonable care by the defendant, within a reasonable time after January 2, 1952." This additional finding is apparently based on a separate stipulation, to wit: "It is FURTHER STIPULATED that the doctors, Frank B. Gross *(sic)*, Jr. and N. H. Matros, if called to testify in this cause would testify that they would have divulged all the medical information known to them concerning Roy E. Swartzberg upon proper authorization from the said Roy E. Swartzberg; that when the defendant, Reserve Life Insurance Company, first requested such authorization from Roy E. Swartzberg for the disclosure of medical facts from his physician such authorization was granted."

The "Conclusions of Law" set forth in the judgment are as follows:

"1. That the plaintiff is entitled to have and recover of the defendant the sum of $703.25 plus interest upon the contract of insurance as stipulated unless plaintiff's claim is barred by reason of the affirmative matters alleged in defendant's answer.

"2. That a period of no more than six months from and after January 2, 1952, would constitute a reasonable time under equitable principles during which the defendant could have discovered the true facts regarding the matters set forth in the plaintiff's application if the defendant had exercised proper effort and reasonable care.

"3. That the defendant by making payment of other claims over a period of five years from and after January 2, 1952, and by accepting premiums throughout said period led plaintiff to believe that he had a valid and subsisting contract of insurance and defendant thereby waived its right to rescind the contract.

"4. That defendant's attempted rescission of this contract of insurance by tendering premiums previously paid on the 17th day of January 1957, was of no legal force and effect; that the matters of defense set forth in defendant's answer and further defense alleged giving rise to a cause of action by rescission of the contract should have been known to the defendant for a period of more than three

years prior to defendant's attempted rescission and for said reason those matters of defense are barred by laches and the statute of limitations."

Judgment was entered that plaintiff recover of defendant the sum of $703.25 and costs.

Defendant, excepting to said additional finding of fact, to each of the conclusions of law and to the court's refusal to make certain findings of fact and conclusions of law tendered by it, appealed to the superior court.

In the superior court, each and all of defendant's exceptive assignments of error were overruled and the judgment of the general county court was affirmed. Defendant excepted and appealed. Upon appeal, defendant assigns as error the overruling of each exceptive assignment of error previously directed to the judgment of the general county court.

*Uzzell & DuMont and William Vance Burrow for plaintiff, appellee.*

*Van Winkle, Walton, Buck & Wall and Herbert L. Hyde for defendant, appellant.*

BOBBITT, J.   This is an action at law to recover benefits allegedly owing under the terms of an insurance policy. It is not a controversy without action, submitted upon an agreed statement of facts for the determination of a question in difference between the parties, as authorized by G.S. 1-250. *Dowling v. R. R.,* 194 N.C. 488, 140 S.E. 213; *Briggs v. Developers,* 191 N.C. 784, 133 S.E. 3.

Absent the stipulations, the action was for trial *upon evidence* pertinent to the issues raised by the pleadings. The crucial issues were raised by the allegations of defendant's further answer and defense and plaintiff's reply thereto. They were, in substance, as follows: (1) Did defendant issue its policy in reliance upon false statements made by Swartzberg in his application therefor, as alleged by defendant? (2) If so, is defendant's right to rescind the policy barred by estoppel or by waiver, as alleged by plaintiff? (3) Is defendant's right to rescind barred by the statute of limitations? In lieu of having these issues determined upon evidence by the court or a jury, the parties submitted the case for determination by the court on stipulated facts.

G.S. 58-30 provides: "All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed

representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy."

"Interpreting this statute, it is well settled that a material representation which is false will constitute sufficient ground upon which to avoid the policy." *Tolbert v. Insurance Co.*, 236 N.C. 416, 419, 72 S.E. 2d 915, and cases cited. Under the stipulated facts, Swartzberg's false statements were material to the risk as a matter of law. *Assurance Society v. Ashby*, 215 N.C. 280, 1 S.E. 2d 830, and cases cited. Nothing else appearing, defendant was entitled to institute and maintain an action for rescission of the policy upon tender of the amount paid as premiums. *Ins. Co. v. Box Co.*, 185 N.C. 543, 117 S.E. 785.

Defendant excepted to said additional finding of fact. True, unless so authorized by the stipulations under which the case was submitted, the court had no authority to make additional findings of fact. *Edwards v. Raleigh*, 240 N.C. 137, 81 S.E. 2d 273; *Credit Association v. Whedbee*, 251 N.C. 24, 110 S.E. 2d 795. However, for the reasons stated below, it is unnecessary to determine whether the stipulations under which the case was submitted are similar in any respect to the stipulations considered in *Credit Association v. Whedbee, supra.*

Whether the doctors who treated Swartzberg would have divulged the falsity of said statements in the application is not determinative. Nor does decision depend upon whether defendant, by questioning these doctors or otherwise, *could* have discovered, within a reasonable time after January 2, 1952, that Swartzberg's said statements were false.

The conclusions of law to the effect that defendant had waived its right to rescind by its failure to ascertain within six months from January 2, 1952, that said statements were false, and by its acceptance of premiums, are erroneous. The legal principles applicable to waiver are fully discussed in *Gouldin v. Insurance Co.*, 248 N.C. 161, 102 S.E. 2d 846. As to equitable estoppel, see *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745.

In *Gardner v. Insurance Co.*, 163 N.C. 367, 378, 79 S.E. 806, *Walker, J.*, quotes with approval this statement from 29 A. & E. Enc. of Law, p. 1093: "There can be no waiver, unless the person against whom it is claimed had full knowledge of his rights and of facts which will enable him to take effectual action for their enforcement. No one can acquiesce in a wrong while ignorant that it has been committed, and that the effect of his action will be to confirm it." Defendant was under no duty, legal or equitable, to question the truth of the applicant's statements or, absent facts sufficient to put it on

inquiry, to conduct an investigation to determine the truth or falsity thereof. *Hardin v. Ins. Co.*, 189 N.C. 423, 127 S.E. 353.

The burden of proof was on plaintiff to establish facts sufficient to constitute waiver or estoppel. *Gouldin v. Insurance Co., supra; Peek v. Trust Co., supra.* She failed to do so.

When we come to consider the statute of limitations, the shoe is on the other foot. Here, as indicated below, the burden of proof was on defendant.

It is noted that defendant, having paid or tendered a total of $325.30, an amount equal to the premiums paid by Swartzberg, seeks to avoid the policy *ab initio* and in its entirety. Although called a further answer and defense, defendant's plea is in legal effect a cross action to rescind the policy.

Plaintiff's plea of the statute of limitations was sufficient. McIntosh, North Carolina Practice and Procedure, § 142, and cases cited. Defendant's cause or right of action to rescind accrued on January 2, 1952, immediately after the issuance of the policy. "In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises, . . ." 54 C.J.S., Limitation of Actions § 109; 34 Am. Jur., Limitation of Actions § 113; *Aydlett v. Major & Loomis Co.,* 211 N. C. 548, 551, 191 S.E. 31; *Peal v. Martin,* 207 N.C. 106, 176 S.E. 282.

Obviously, defendant's alleged cause of action to rescind is barred by the three year statute of limitations if considered solely as an action for breach of contract. G.S. 1-52(1). The view most favorable to defendant is that G.S. 1-52(9) applies, under which an action "(f) or relief on the ground of fraud or mistake" must be instituted within three years from the date the cause of action accrues, but in such case "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." "In the construction of this section, the words, 'relief on the ground of fraud,' are used in the broad sense, to apply to all actions, both legal and equitable, where fraud is an element, and to all forms of fraud, including deception, imposition, duress, and undue influence." McIntosh, North Carolina Practice and Procedure, § 183; *Little v. Bank,* 187 N.C. 1, 121 S.E. 185; *Muse v. Hathaway,* 193 N.C. 227, 136 S.E. 633. Whether considered fraud "in the broad sense," or "mistake," we construe G.S. 1-52(9) as applicable to an action to rescind an insurance policy on the ground of false material statements in the application therefor.

The burden was on defendant to show that it instituted its action to rescind within the period prescribed by statute. *Shearin v. Lloyd,*

246 N.C. 363, 367, 98 S.E. 2d 508, and cases cited. To repel the bar of the statute of limitations, the burden was on defendant to show that it *did not* acquire knowledge of the falsity of the statements in Swartzberg's application and *was not* put on notice thereof until a time within the period of three years next preceding the filing of its cross action to rescind the policy. *Hooker v. Worthington,* 134 N.C. 283, 46 S.E. 726; *Tuttle v. Tuttle,* 146 N.C. 484, 59 S.E. 1008, 125 Am. St. Rep. 481; *Sanderlin v. Cross,* 172 N.C. 234, 90 S.E. 213; *Taylor v. Edmunds,* 176 N.C. 325, 97 S.E. 42; *Latham v. Latham,* 184 N.C. 55, 113 S.E. 623; *Johnson v. Insurance Co.,* 217 N.C. 139, 7 S.E. 2d 475; S. c., 219 N.C. 202, 13 S.E. 2d 241; *Vail v. Vail,* 233 N.C. 109, 116, 63 S.E. 2d 202. The North Carolina rule is in accord with the "almost unanimous concensus of judicial opinion." Annotation: 118 A.L.R. 1002, and supplemental decisions. Defendant failed to establish facts sufficient to repel the bar of the three-year statute of limitations.

To resolve crucial factual issues raised by the pleadings, it was necessary to determine when defendant acquired knowledge or notice of the falsity of the statements in Swartzberg's application. As to this, the stipulations are silent. As indicated, with reference to estoppel and waiver, the burden of proof was on plaintiff to show that defendant had paid claims or accepted premiums after it acquired such knowledge or notice; but to repel the bar of the three-year statute of limitations, the burden of proof was on defendant to show that it did not acquire such knowledge or notice until within a period of three years next preceding the filing of its cross action to rescind the policy.

Thus, the stipulations do not provide the answers to crucial factual issues raised by the pleadings. The question arises: When the stipulations are silent as to such facts, are the respective issues to be decided by the court adversely to the party upon whom rests the burden of proof? This was done in *Brinson v. R. R.,* 169 N.C. 425, 86 S.E. 371. However, the question was not discussed; and the *Brinson* case has not been cited as authority on that point. The better view, in our opinion, is this: When a case is submitted for decision on stipulated facts, and no evidence is offered, the court should not proceed to determine the cause unless *all facts* essential to a determination of the crucial issues raised by the pleadings are included in the stipulations. Rather, in such case, the court should proceed to trial to determine upon evidence the crucial factual issues not covered by the stipulations. In the instant case, the court erred in failing to follow this procedure.

In *New Bern v. White,* 251 N.C. 65, 110 S.E. 2d 446, and cases cited, the cause was remanded because the facts stipulated did not

answer the crucial issues raised by the pleadings. While, as stated above, the case was not submitted as a controversy without action, yet when a case is submitted on stipulated facts there is equal reason to require that the stipulations contain "the facts upon which the controversy depends." G.S. 1-250. "An agreed statement must contain every essential element without any omission, . . ." 83 C.J.S., Stipulations § 10(f)(9), p. 22.

Accordingly, the judgment is vacated and the cause remanded to the end that there may be a determination, in the light of the principles of law stated herein, of the facts necessary to a determination of the issues relating to (1) waiver and estoppel and (2) the statute of limitations. This course seems particularly appropriate when, as here, it appears that the court's decision was based on a misapprehension as to the applicable principles of law.

Judgment vacated, cause remanded.