SAMUEL B. WELLS v. JEFFERSON STANDARD LIFE INSURANCE
COMPANY,

and

SAMUEL B. WELLS, ADMINISTRATOR OF THE ESTATE OF MARY NICHOLSON
WELLS, DECEASED, v. JEFFERSON STANDARD LIFE INSURANCE
COMPANY,

and

MARTHA J. NICHOLSON v. JEFFERSON STANDARD LIFE INSURANCE
COMPANY.

(Filed 7 April, 1937.)

1. **Insurance § 13—**

Laws in force at the time of the issuance of a policy of insurance
become a part of the contract, and stipulations in the policy contrary to
statutory provisions are of no effect. C. S., 6287, 6288.

2. **Insurance § 31b—Material misrepresentation for which policy may be
avoided is one which would influence insurer in making contract.**

It is provided by C. S., 6289, that misrepresentations in an application
for insurance will not prevent recovery on the policy unless the misrepre-
sentations are fraudulent or material, and under this section all repre-
sentations which would naturally influence the judgment of insurer in
making the contract are material, and it is not necessary that they be
fraudulent in order to bar a recovery, but a stipulation in the policy that
all representations in the application should be deemed material is con-
trary to the statutory provision, and is of no effect.

3. **Same—Whether misrepresentation was material, entitling insurer to
avoid policy, held question for jury on evidence in this case.**

The evidence, considered in the light most favorable to plaintiff, tended
to show that insured stated in her application for insurance that she had
not consulted a doctor for any cause other than as disclosed in the appli-
cation, while insured had consulted a physician who determined that she
had a mild form of malaria causing one-half degree of fever, that at the
time of signing the application insured had completely recovered and that
the malaria was in no way a cause or contributing cause of her death.
*Held:* Whether the misrepresentation in the policy was material is a
question for the jury under the evidence in the beneficiary's action on the
policy, and the granting of insurer's motion to nonsuit is error.

4. **Same—Evidence held insufficient to establish falsity of representation
as a matter of law.**

The evidence disclosed that insured stated in her application that she
was not pregnant and that her menstruation was regular and normal, and
that she died in childbirth nineteen days less than nine months thereafter.
It also appeared that insured was thirty-three years old and married, and
paid an additional premium to insurer to cover the risk of childbirth, and
that a physician whom insured consulted more than a month after signing
the application was unable to determine at that time that she was preg-
nant. *Held:* The evidence does not affirmatively show that the childbirth

was not premature, and is insufficient to establish as a matter of law that insured's representations in regard thereto in her application were false, and the granting of insurer's motion to nonsuit in the beneficiary's action on the policy is error.

5. **Insurance § 37—Burden is on insurer to establish misrepresentations relied upon by it to avoid policy.**

Where plaintiff beneficiary offers the policy in evidence, and insurer admits its execution and delivery and the death of insured, plaintiff establishes a *prima facie* case, and the burden is on insurer to establish misrepresentations relied on by it to avoid the policy, and the burden of proof is not affected by anticipation of such defense and the offering of evidence upon the issue of misrepresentation by plaintiff, and in passing upon insurer's motion to nonsuit on the ground of such misrepresentations, all the evidence must be considered in the light most favorable to plaintiff.

APPEAL by plaintiffs from *Spears, J.,* at December Term, 1936, of DUPLIN. Reversed.

Three actions upon policies of insurance issued by defendant insurance company upon the life of Mary Nicholson Wells were resisted by the defendant upon the ground of falsity of material representations by the insured in the application for the insurance. The application was dated 28 June, 1935.

Plaintiffs offered, in addition to the defendant's admission of the issuance of the policy and of the death of insured, the testimony of three physicians as to the physical condition and health of insured.

At the close of plaintiffs' evidence motion for nonsuit was sustained, and from judgment dismissing the action, plaintiffs appealed.

*Oscar B. Turner and Norwood B. Boney for plaintiffs.*
*Smith, Wharton & Hudgins and Beasley & Stevens for defendant.*

DEVIN, J. The decision of this appeal turns upon the question whether the representations made by the insured in the application for the policies of insurance sued on were material.

The defense set up in the answer was that the replies to the following three questions in the application were false and material:

(1) Have you consulted a doctor for any cause not included in above answer? No.

(2) Is menstruation regular and normal? Yes.

(3) Are you pregnant? No.

I. Relating to the first of these questions, it was testified by the family physician that on 7 May, 1935, the insured came to him and he found she had one-half degree of fever due to malaria, that he saw her on 14 May and she was feeling better, that he saw her again on 20 May and she had no fever, that he saw her next 23 May and her condition

was good, that she came back 25 June and an examination showed no malaria. "I never heard of anybody dying from this type (of malaria)."

The examining physician, who wrote down the answers to the interrogatories on 28 June, 1935, testified: "I never made any special examination for malaria. I wasn't looking for malaria. . . . I wouldn't have asked her a specific question like that (whether she had had malaria), because it is not included as a specific question. I did not find any trace of malaria."

Another physician testified that malaria had nothing to do with her death.

It is provided by statute that all insurance contracts shall be deemed to have been made subject to the laws of the State. C. S., 6287, 6288. Among these laws is the following: "All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy." C. S., 6289. Construing these provisions, it is held by this Court "that every fact untruly asserted or wrongfully suppressed must be regarded as material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Ins. Co. v. Box Co.,* 185 N. C., 543; *Bryant v. Ins. Co.,* 147 N. C., 181; *Fishblate v. Fidelity Co.,* 140 N. C., 589.

Fraud is not essential and as a general rule recovery will not be allowed if the statements made and accepted as inducements to the contract of insurance are false and material. *Ins. Co. v. Woolen Mills,* 172 N. C., 534; *Ins. Co. v. Box Co.,* 185 N. C., 543.

Whether the representation was material depends upon whether it was such as would naturally and reasonably influence the insurance company with respect to the contract or risk. *Schas v. Ins. Co.,* 166 N. C., 55.

The defendant contends that the testimony of the physician shows that the negative answer to the question, whether the insured had consulted a doctor for any cause not included in the other interrogatories, was false, and that her statement was a representation and deemed material under the rule in *Ins. Co. v. Woolen Mills, supra;* and further, that in the application it was distinctly agreed that every statement therein made was material.

But the evidence offered, considering it in the light most favorable for the plaintiff (as we are required to do on a motion to nonsuit) permits the reasonable inference therefrom that the indisposition of the insured in May, 1935, was slight and temporary, and that it had entirely passed away before the application for insurance was made, and that it had no connection whatever with her death the following March. *Hines v. Casualty Co.,* 172 N. C., 225.

We are unable to hold that the failure to disclose the fact that insured had had some time previous to her application one-half degree of fever due to a mild form of malaria and from which she had entirely recovered, taken in connection with the further fact that she was at the time of the application in sound health and otherwise insurable, was such a withholding of information as would necessarily have been calculated to influence the action or judgment of the insurance company. The evidence in its most favorable light tends to support the view that the representation, or withholding of information, was neither fraudulent nor material.

It was held in *Anthony v. Protective Union,* 206 N. C., 7, *Adams, J.,* speaking for the Court, that the failure of the insured to inform the defendant's representative that in the previous spring a physician had treated her for a temporary indisposition was of negligible significance and in no event an adequate cause for canceling the policy.

II. Referring to the representations of the insured contained in the application for insurance and hereinbefore quoted as numbered (2), the evidence does not disclose the falsity of the statement that the menstruation of the insured was normal.

The defendant, however, contends that the insured represented, on 28 June, 1935, that she was not pregnant, and that this statement was false and material, as she died in childbirth 9 March, 1936.

On the other hand, it does not affirmatively appear that the childbirth was not premature, and hence it would seem the falsity of the representation as to pregnancy would not be a necessary deduction. The plaintiffs further take the position that if she was pregnant on 28 June, 1935, she did not know it, and that her statement was not fraudulent, and that the risk from this cause entered into the contract and was provided against by the defendant by the requirement of an additional premium for that reason which was paid to the defendant, as shown by the rider attached to the policy.

In this connection it appears from the record that the physician testified the insured consulted him 2 August, 1935, presumably about her possible pregnancy, and that he was unable to decide with certainty, and that he told her to come back in a month, when he could tell her definitely.

In view of the evidence that defendant issued its policies on the life of the insured when it knew she was 33 years of age, had been married about a year, and that ordinarily pregnancy might be expected, and the fact that it required an additional premium on that account, we are unable to hold on this record that the plaintiffs are precluded by the statement complained of, or by the failure of the insured thereafter to

disclose to the insurance company her condition, when she had paid an extra premium to compensate the defendant for the additional risk.

By offering in evidence the policy of insurance and the defendant's admission of its execution and delivery and of the death of the insured, the plaintiffs made out a *prima facie* case, and the burden was then upon the defendant to rebut it by proof of the matters alleged in the affirmative defense in the answer. Though the plaintiffs, in anticipation of the defense, elected to offer the testimony of the witnesses, this did not change this rule as to the burden of proof. Nevertheless, the motion for judgment of nonsuit requires the consideration of all the evidence in the light, however, most favorable to the plaintiffs.

We have examined the authorities cited by counsel for the defendant in their well prepared brief, but conclude that the evidence here presented does not necessarily require the holding as a matter of law that the quoted representations, contained in the application of the insured, were both false and material, as contended by the defendant.

We are of opinion, and so decide, that the learned judge was in error in sustaining the motion for judgment of nonsuit.

Reversed.