These three civil actions, consolidated for the purpose of trial, are to recover on three policies of insurance issued by the defendant on the life of Mary Nicholson Wells: one, dated 7 July, 1935, in which her husband, Samuel B. Wells, is the beneficiary; and two others dated 1 November, 1935, in which the administrators, executors or assigns of the insured, and her mother, Martha J. Nicholson, respectively, are the beneficiaries. From judgment as of nonsuit at the close of the plaintiffs' evidence the cases were heard here on former appeal reported in 211 N.C. at 427,190 S.E. 744. The judgment was reversed, and on retrial in the court below, these issues were submitted to and answered by the jury as follows:
"1. Did Mary A. Wells represent in her application for the insurance policy sued on that she had not consulted a doctor for any cause, prior to her said application? Ans.: `Yes' (by consent).
"2. Was the applicant, Mary A. Wells, treated for malaria during the month of May, 1935, by Dr. C. F. Hawes? Ans.: `Yes' (by consent). *Page 352 
"3. Was the said representation material to a contract of insurance between the said Mary A. Wells and the defendant? Ans.: `No.'
"4. Did the applicant, Mary A. Wells, represent in her application for the insurance policy sued on that her menstruation was regular and normal. Ans.: `Yes' (by consent).
"5. Was said representation true? Ans.: `Yes.'
"6. Was said representation material to a contract of insurance between the said Mary A. Wells and the defendant? Ans.: `No.'
"7. Did the said Mary A. Wells represent in her application for the insurance policy sued on that she was not pregnant? Ans.: `Yes' (by consent).
"8. Was the said representation true? Ans.: `Yes.'
"9. Was said representation material to a contract of insurance between the said Mary A. Wells and the defendant? Ans.: ________.
"10. Did the said Mary A. Wells, on August 5, 1935, prior to the delivery of policies Nos. 549703 and 551126 reaffirm the representations, agreements and statements contained in her said application? Ans.: `Yes.'
"11. Was the said Mary A. Wells pregnant on 5 August, 1935? Ans.: `Yes.'
"12. Was said Mary A. Wells menstruation regular and normal on 5 August, 1935? Ans.: `No.'
"13. Were said representations, or either of them, material to the contract of insurance between the said Mary A. Wells and the defendant, as contained in policies Nos. 549703 and 551126? Ans.: `Yes.'
"14. Was Mary A. Wells in good health at the time of the execution and actual delivery of the policies? Ans.: `No.'
"15. In what amount, if any, is defendant indebted to plaintiffs? Ans.: __________."
Plaintiffs appealed from judgment denying recovery in the second and third actions. On the call of the case in this Court, defendant made motion to be permitted to amend its answer in said actions to aver, in substance, that, in August, 1935, prior to the delivery of the policy on which each action is based, Mary Nicholson Wells was pregnant, and her menstruation was not regular and normal, to her knowledge; that she failed to inform the defendant of these facts, but on the contrary reaffirmed her agreements and statements contained in the original application; that knowledge of her condition in those respects was material to the risks; that defendant did not have knowledge thereof, and that, if it had such knowledge, the policy would not have been issued. There is evidence tending to support the averments as set forth in this amendment. Other pleas of defendant are set out in the former appeal, 211 N.C. 427, 190 S.E. 744. *Page 353 
Upon consideration of the record and case on appeal in the light of the pleadings as so amended, the Court being evenly divided, Connor, J., not sitting, the judgment below was affirmed.
The plaintiffs now petition for rehearing on the ground that there is "lack of relevant evidence to support any of the issues 12 to 14, . . . inclusive."
The petition to rehear presents one question: Is there sufficient evidence to support any of the issues 12 to 14, both inclusive? We think so.
There is evidence tending to show that prior to 5 August, 1935, the last menstruation of insured was on 20 May, 1935. There is also evidence tending to show that the policies of insurance would not have been issued by the defendant, or by the Pilot Life Insurance Company, the re-insurer, if the insured had disclosed the true facts with reference to her pregnancy and menstruation. There is also evidence that the questions and answers with respect thereto are in writing.
It is settled law in North Carolina that answers to specific questions like the ones asked in the case in hand, where there has been medical examination, are material as a matter of law. Petty v. Ins. Co.,212 N.C. 157, 193 S.E. 228, and cases cited.
As to the 14th issue, it is stated in the judgment below that the defendant, for the purpose of the trial, in open court waived any and all rights that it has or might have thereunder.
In the judgment below we find no error, and the petition is
Dismissed.