MRS. EVA TOLBERT v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.

(Filed 5 November, 1952.)

1. **Insurance § 37—**

   Proof of the execution and delivery of the policy of life insurance sued on in consideration of premium paid, and of the subsequent death of insured, makes out a *prima facie* case, with the burden on insurer to prove its defense of false and material representations avoiding the policy, and therefore in such instance insurer's motion to nonsuit is properly denied.

2. **Insurance § 31a (2)—**

   A policy of life insurance may be avoided by showing that insured made representations which were material and false.

3. **Same—**

   A representation in an application for a policy of life insurance is deemed material if the knowledge or ignorance of it would naturally influence the judgment of insurer in making the contract, and written questions relating to health and their answers in an application are deemed material as a matter of law.

4. **Insurance § 37—**

   Where insurer seeks to avoid a policy of life insurance on the ground of material and false representations made by insured in the written application for the policy, an instruction of the court which tends to leave the impression that it was not only necessary that insurer show that the repre-

sentations were false and material but also that they were fraudulently made with intent to deceive, must be held for prejudicial error.

APPEAL by defendant from *Sink, J.,* May Term, 1952, of CALDWELL. New trial.

This was a suit on a policy of insurance on the life of J. Ray Tolbert issued by the defendant.

The policy in the sum of $5,000 was issued 1 May, 1951, and the insured died 12 December, 1951. The defendant admitted the issuance of the policy and the death of the insured, but denied liability on the ground that in his application the insured had made certain false and material representations which caused the defendant to act favorably on the application and to issue the policy.

Issues arising on the pleadings were submitted to the jury and answered in favor of the plaintiff.

The determinative issue submitted was in these words: "2. Did the deceased make false or fraudulent representations in his application, as alleged in the answer?" To this the jury answered "No."

From judgment on the verdict for the amount of the policy the defendant appealed.

*Folger L. Townsend and James R. Todd, Jr., for plaintiff, appellee.*
*Williams & Whisnant and Hal B. Adams for defendant, appellant.*

DEVIN, C. J. The written application signed by the insured upon which the policy of insurance was issued contained the following questions and answers:

"29. Have you ever had electro-cardiographic or X-ray studies made? 29. No.

"31. A. Has a physician or other practitioner examined you within 2 months? 31. A. No.

"32. B. Have you had any reason, during the past six months, to think you might be physically impaired, temporarily or otherwise? 32. B. No.

"34. For what have you consulted, or been attended by a physician or surgeon or other practitioner during the past seven years? None."

There was evidence offered by the defendant that on 30 March, 1951, before the issuance of the policy 1 May, 1951, a physician had given the insured a thorough physical examination which included X-ray pictures and a stomach examination. The physician testified: "He (the insured) said he was tiring easily at his work, that his appetite was not as good as usual, and that he was generally not up to par. . . . During my examination I felt a lump over the liver area." The physician further testified that in June he saw the insured again and advised an exploratory opera-

14—236

tion. This was had in July, 1951, resulting in discovery that insured had cancer of the liver which in December following caused his death.

The defendant excepted to the denial of the motion for judgment of nonsuit, but evidence of the execution and delivery by the defendant of the policy of insurance on the life of the insured, in consideration of the premium, and the subsequent death of the insured made out a *prima facie* case and put the burden on the defendant to substantiate its affirmative defense of false and material representations in the application. Hence nonsuit was improper. *Davis v. Jenkins, ante,* 283, 72 S.E. 2d 673; *MacClure v. Casualty Co.,* 229 N.C. 305, 49 S.E. 2d 742.

The defendant, however, assigns error in the instructions given the jury in that the court repeatedly referred to the ground of defendant's defense as "false or fraudulent" representations by the deceased, whereas the allegation was "false and material." The court instructed the jury that the representations would not prevent recovery on the policy unless material or fraudulent, and thereupon charged as follows:

"Therefore, let us see for a moment what these words mean in the language and in the sense that we are considering. A fraudulent representation is a representation of a subsisting fact falsely made, with knowledge of its falsity, intended and calculated to deceive, and which does actually deceive, causing another to do what he would not have otherwise done. A false statement is an untrue or erroneous statement, intended and calculated to deceive and influence another. In law this word usually means something more than untrue. It means something designedly untrue and deceitful, and implies an intention to perpetrate some subterfuge or fraud."

The defendant did not allege fraud. To avoid liability on the policy it was only required to show that the representations were material and that they were untrue. *Bryant v. Ins. Co.,* 147 N.C. 181, 60 S.E. 983; *Gardner v. Ins. Co.,* 163 N.C. 367, 79 S.E. 806; *Schas v. Ins. Co.,* 166 N.C. 55, 81 S.E. 1014; *Inman v. Woodmen of the World,* 211 N.C. 179, 189 S.E. 496; *Wells v. Ins. Co.,* 211 N.C. 427, 190 S.E. 744; *Assurance Society v. Ashby,* 215 N.C. 280, 1 S.E. 2d 830.

We think the court inadvertently left the jury under the impression that the defendant's defense was bottomed on fraud, and that it was necessary for the defendant to show not only that the representations were false but that they were made designedly with intent to defraud. True the issue submitted contained the words false or fraudulent, but the court's references to and definition of the meaning of fraudulent representations as pertinent to this case may have had a prejudicial effect on the minds of the jury.

A representation in an application for an insurance policy is deemed material "if the knowledge or ignorance of it would naturally influence

the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Wells v. Ins. Co., supra; Petty v. Ins. Co.,* 212 N.C. 157, 193 S.E. 228; *Ins. Co. v. Box Co.,* 185 N.C. 543, 117 S.E. 785; *Ins. Co. v. Woolen Mills,* 172 N.C. 534, 90 S.E. 574.

The statute provides that statements in an application for a policy of insurance "shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy." G.S. 58-30. Interpreting this statute, it is well settled that a material representation which is false will constitute sufficient ground upon which to avoid the policy.

In *Assurance Society v. Ashby,* 215 N.C. 280, 1 S.E. 2d 830, *Justice Barnhill,* speaking for the Court, said : "The representations made were material to the risk. They are in the form of written answers to written questions. In such case the questions and answers are deemed to be material by the acts of the parties to the contract." And in *Petty v. Ins. Co.,* 212 N.C. 157, 193 S.E. 228, *Justice Winborne* used this language :

"It is settled law in North Carolina that answers to specific questions like the one asked in the instant case, where there had been medical examination, are material as a matter of law."

In the case at bar the credibility of the evidence to support the defendant's defense was a matter for the jury. There were no requests for instruction.

For the reasons herein stated we think there should be a new trial, and it is so ordered.

New trial.