PRESTON RHINEHARDT v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY.

(Filed 10 May, 1961.)

**1. Insurance §§ 3, 26—**

Where the evidence and admissions establish the execution and delivery of the policy of life insurance sued on, the payment of premiums and the death of insured, plaintiff makes out a *prima facie* case precluding nonsuit or a directed verdict for insurer, since the burden is on insurer to establish misrepresentations relied on by it, and nonsuit on such defense cannot be allowed even though insurer's evidence in regard thereto is uncontradicted, nonsuit being proper in such instance only when plaintiff's evidence establishes such defense.

**2. Trial § 29—**

A directed verdict may not be given in favor of the party having the burden of proof, even though such party's evidence is uncontradicted, since the weight and credibility of the evidence is for the jury, but in proper cases the court may give a peremptory instruction upon an affirmative defense, upon apt request, when the evidence in regard thereto is uncontradicted.

**3. Insurance §§ 17, 26—**

Written answers to written questions relating to health in an application for life insurance are material as a matter of law, and entitle insurer to avoid the policy regardless of whether such answers are fraudulently or innocently made, and therefore it is error for the court to submit to the jury whether such answers were material, the sole inquiry being whether such statements were made and whether or not they were false.

APPEAL by defendant from *Gambill, J.,* January 30, 1961 Term of GUILFORD (High Point Division).

Action by plaintiff beneficiary to recover death benefit under policy of life insurance issued by defendant.

Verdict and judgment for plaintiff.

Defendant appeals.

*John W. Langford for plaintiff.*
*W. G. Pearson, II, and W. W. Perry for defendant.*

PER CURIAM. At the trial defendant stipulated that a policy of insurance in the amount of $500 was issued and delivered by it on 7 September 1959 on the life of Angeline Rhinehardt, that insured died 29 November 1959, and that the premiums were paid to and including the date of death. Plaintiff then introduced the policy and rested.

Defendant introduced evidence tending to show: Insured was a diabetic. She had been treated by a physician for chronic diabetes from 1938 to the time of her death. She had been hospitalized six or seven times a year for diabetes. She had taken insulin for several years, at one period in large quantities. In her written application for insurance Angeline Rhinehardt stated that she had never had diabetes. Defendant, as a matter of policy, did not insure diabetics.

Defendant's evidence was uncontradicted. At the close of all the evidence defendant moved for a judgment of involuntary nonsuit. The motion was overruled.

By offering in evidence the policy of insurance and defendant's admission of its execution and delivery, the payment of premiums and the death of insured, plaintiff made out a *prima facie* case. The burden was on defendant to establish misrepresentations relied on by it to avoid the policy. *Wells v. Insurance Co.,* 211 N.C. 427, 431, 190 S.E. 744. When a plaintiff has made out a *prima facie* case, nonsuit is improper and it would constitute reversible error to sustain a motion therefor. Furthermore, the court may not direct a verdict in favor of a party having the burden of proof, even though the evidence is uncontradicted. The weight and credibility of the evidence is for the jury.

It is true that, when *plaintiff's* evidence establishes defendant's affirmative defense, nonsuit is proper, *Slaughter v. Insurance Co.,* 250 N.C. 265, 269, 108 S.E. 2d 438. But this is not the case here. Plaintiff offered no evidence bearing on defendant's affirmative defense.

Since defendant's evidence was uncontradicted, defendant was entitled to a peremptory instruction. *Slaughter v. Insurance Co., supra,* page 269. But defendant made no request for such instruction. The court properly overruled the motion for nonsuit.

The trial court instructed the jury in part as follows: ". . . . (T)he defendant is relying upon the claim or contentions that Angeline Rhinehardt at the time the application was made had diabetes and that she stated at that time she did not, and that that was a false statement, and further, that it was a material statement in that had the company known at the time she made application that she had diabetes, it would not have issued the policy. Now, that is what you

are to determine from this evidence, and by its greater weight, whether or not that is true. . . . (I)f you are satisfied from this evidence and by its greater weight, the burden being on the defendant to so satisfy you, that Angeline Rhinehardt at the time she made an application for the policy, if she had or had had diabetes, if you find that she made a false statement to the person taking her application; that statement being that she did not have diabetes, when you find as a fact that she did, and if you so find, the burden being on the defendant to so satisfy you, and you further find that that false statement is a material statement or material false statement in that if you are satisfied from the evidence and by its greater weight that the company would not have issued the policy had they known that she had diabetes, then it would be  a material statement, so the burden is on the defendant to satisfy you from this evidence and by its greater weight as to that issue."

The court erred in permitting the jury to determine whether or not the representation was material. In an application for a policy of life insurance, written questions relating to health and written answers thereto are deemed *material as a matter of law. Tolbert v. Insurance Co.,* 236 N.C. 416, 419, 72 S.E. 2d 915. The inquiry for the jury is whether or not insured made the statement and whether or not it was false. If insured made the statement and if it was false, the question as to whether it was fraudulently, knowingly or innocently made is of no importance. The statement in either case is material as a matter of law, and the policy will be avoided. *Assurance Society v. Ashby,* 215 N.C. 280, 1 S.E. 2d 831; *Petty v. Insurance Co.,* 212 N.C. 157, 193 S.E. 228.

For error in the charge there will be a

New trial.