EARL F. WEEKS v. CHARLOTTE LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 24 March, 1965.)

**1. Evidence § 24—**

A duly certified death certificate is competent in evidence and establishes *prima facie* the facts stated therein. G.S. 130-73.

**2. Appeal and Error § 41—**

The exclusion of a death certificate from evidence is not prejudicial when the party offering the certificate has the benefit of unimpeached testimony establishing all he was entitled to prove by the certificate.

**3. Insurance § 17—**

Insurer's evidence as to the health of insured at the time of application held not so categorical as to entitle insurer to a directed verdict on the issue.

APPEAL by defendant from *Hubbard, J.*, December, 1964 Session, WAYNE Superior Court.

The plaintiff, beneficiary, instituted this civil action to recover from the defendant, insurer, the sum of $1,000.00 on account of the death of Naomi C. Weeks, the insured in defendant's life insurance policy No. 798640, issued March 18, 1963. The defendant admitted the execution of the policy, the receipt of the premium, and the death of the insured on December 26, 1963, within the period of the coverage.

The defendant, by answer, sought to limit its liability to a return of the premium, contending the insured, in the application for the policy made February 2, 1963, stated she was in good health when in fact

she was then not in good health, but was then suffering from multiple sclerosis.

After the plaintiff introduced the policy in evidence, the defendant offered, and the court excluded, over objection, the death certificate signed by Dr. Lonnie Hayes. The certificate listed as the cause of death: (a) Immediate cause, respiratory failure; antecedent causes (b) paralysis of respiratory muscles, and (c) multiple sclerosis. Dr. Hayes testified that he saw the insured in September, 1963, again in October, following, and the last time on December 24, 1963. He testified: ". . . (I)t is my opinion that her death was primarily due to respiration failure due to paralysis of the respiratory muscles secondary to multiple sclerosis . . . It is my opinion that she had multiple sclerosis since February, 1963 . . . The onset is insidious. It is not noticeable or detectable in its early stages . . . It can be fast in its course or can last over a . . . longer period . . . The only way to tell positively what was the cause of death is from an autopsy . . . No autopsy was performed on Mrs. Weeks."

The jury answered, Yes, to the issue of good health as of the date of the policy, and $1,000.00 as to the amount due the plaintiff thereunder. From a judgment on the verdict, the defendant appealed.

*Sasser & Duke by John E. Duke for plaintiff appellee.*
*Herbert B. Hulse for defendant appellant.*

PER CURIAM. The defendant assigns as error the court's refusal (1) to admit the death certificate, and (2) to instruct the jury "that although the burden of proof was on the defendant as to the first issue, that if the jury believed the evidence it should answer the first issue, No."

G.S. 130-73 provides: ". . . (A)ny copy of a record of a birth or a death, with the certification of same, so signed or with the fascimile of the State Registrar affixed thereto shall be *prima facie* evidence in all courts and places of the facts therein stated." *Blalock v. Durham,* 244 N.C. 208, 92 S.E. 2d 758.

Although the trial judge appears to have committed error in excluding the certificate, nevertheless, the error was harmless in this case for the reason that Dr. Hayes, the author of the certificate, was present in court and testified as a witness for the defendant. His testimony was in accordance with, and included all the statements made in the certificate. The plaintiff did not undertake to impeach any part of the testimony. The defendant had the benefit of all that was useful in the certificate.

The evidence in the case, since the burden was on the defendant, presented an issue of fact for the jury as to the state of the insured's health at the time she signed the application for the policy, February 2, 1963, and at the time the policy was issued, March 18, 1963. The evidence was not such as to require or permit the court to answer the issue of fact in favor of the defendant as a matter of law. The court properly refused the instruction and left the issue to the jury.

No error.