**SHENANDOAH LIFE INSURANCE CO.,**
**Plaintiff,**

v.

**Louise Watters HAWES, Defendant.**

**Civ. No. 524.**

United States District Court
E. D. North Carolina,
Washington Division.
July 14, 1966.

Richard L. Wharton, of Wharton, Ivey & Wharton, Greensboro, N. C., for plaintiff.

Welch Jordan, of Jordan, Wright, Henson & Nichols, Greensboro, N. C., John A. Wilkinson, Washington, N. C., for defendant.

## OPINION AND ORDER

LARKINS, District Judge:

### STATEMENT OF THE CASE

This cause is before the Court as a civil action in which the plaintiff seeks equitable relief in that it prays the Court avoid and cancel a life insurance contract. A motion to strike a defense has been previously considered by the Court and it was denied. See Shenandoah Life Ins. Co. v. Hawes, 37 F.R.D. 526, 9 FR Serv2d 12f.26, Case 2 (1965).

The basis of the plaintiff's action is its contention that the insured withheld medical information he had at his disposal when he completed the application for life insurance. Plaintiff insists this withholding of medical information about which the insured was questioned on the application forms, if known to plaintiff at the time, would have prevented plaintiff from going forward with the contract. Plaintiff insists the withheld medical information, known to insured, was material to the making of the life insurance contract.

Defendant has answered and disputed plaintiff's contentions and allegations. Defendant also demanded a trial by jury, and it is this demand that now commands the attention of the Court.

### CONCLUSIONS OF LAW

Plaintiff insists the defendant is not entitled to a jury for the reason that it is the substantive law of the State of North Carolina that, "In an application for a policy of life insurance, written questions relating to health and written answers thereto are deemed material as a matter of law." Tolbert v. Mutual Benefit Life Ins. Co., 236 N.C. 416, 72 S.E.2d 915 (1952). And this is, of course, the heart of the case for plaintiff; that is to say, the insured withheld material information concerning his health when making his application.

The North Carolina law is to the effect that the question of whether a representation in an application for insurance is material or not is for the jury. See Harrison v. Metropolitan Life Ins. Co., 207 N.C. 487, 177 S.E. 423 (1934); Howell v. American National Ins. Co., 189 N.C. 212, 217, 126 S.E. 603 (1925); and Carroll v. Carolina Casualty Ins. Co., 227 N.C. 456, 42 S.E.2d 607 (1947). There is an exception to this rule, however, which applies to this case: where the representation is in writing and relates to the health of the applicant. In the case where an applicant for life insurance is presented written questions about the status of his health, and he makes written answers to them, the answers "are material as a matter of law." Tolbert v. Mutual Benefit Life Ins. Co.,

236 N.C. 416, 72 S.E.2d 915, supra; Sims v. Charlotte Liberty Mutual Ins. Co., 257 N.C. 32, 125 S.E.2d 326 (1962); and Rhinehardt v. North Carolina Mutual Life Ins. Co., 254 N.C. 671, 119 S.E.2d 614 (1961).

The conclusion from the record of this case as it now stands, and for purposes of the instant question which cannot be escaped is that the jury in the State courts would not be presented with the question of whether or not an insured's failure to disclose his prior medical history when filling out his application for life insurance were material failures. Sims v. Charlotte Liberty Mutual Ins. Co., 257 N.C. 32, 125 S.E.2d 326, supra; and Rhinehardt v. North Carolina Mutual Life Ins. Co., 254 N.C. 671, 119 S.E. 2d 614, supra.

The question then becomes one of whether or not the federal courts are controlled by the course taken in North Carolina, this being a diversity action. Is this a substantive dimension of the state law which is to be followed by this Court, thereby resulting in a denial of a jury trial on this question of materiality? See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

█ It is clear from the cases, that whether a representation is to be considered by the jury or not is controlled by a state's substantive law. In Prudential Ins. Co. v. Gourley, 267 F.2d 156 (5th Cir., 1959), a case factually similar to the instant case, the Court permitted a determination by the jury of the question of whether a representation was made with the intent to deceive. It was stated at page 161:

"In this analysis and disposition we in no way mean to let the bars down and suggest that all these cases be submitted to the jury. *We are bound by and adhere to the Alabama law* that recognizes that in some situations the failure to state the truth can be explained in no terms other than a purpose by the assured to deceive." (Emphasis added).

In National Life & Accident Ins. Co. v. Gorey, 249 F.2d 388 (9th Cir., 1957), the Court said: "This court is bound by the law of the state where the insurance contract was issued. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, * * *." See Smith v. John Hancock Mutual Life Ins. Co., 249 F.2d 657 (5th Cir., 1958), and cases therein. See also defendant's case of Quillin v. Prudential Ins. Co. of America, 280 F.2d 771 (4th Cir., 1960), especially pages 775–776, wherein State of Virginia judicial precedents were followed exclusively.

If the Court were to stop here in order to decide the question of entitlement to trial by jury, then the right to a jury must be denied defendant. But there is more than only one factual dispute before the Court. See the prior decision in this case, 37 F.R.D. 526, supra, wherein it was stated at page 527:

"Plaintiff states that insured had information at his disposal at the time on June 6, 1961 which would have prevented plaintiff from going forward with the contract if it had had this information, * * *. All these facts are directly disputed by defendant, including the dates as stated by plaintiff in the complaint."

Further, at page 529, defendant asserts affirmative defenses which include factual elements in dispute. It is clear that there are factual disputes which could be resolved by a jury.

█ In this respect it is for the federal courts to determine, according to their own requirements, whether defendant is entitled to a jury trial. The federal courts must, in a diversity action, resort to the State's substantive law to determine those issues which should be submitted to the jury, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, supra; Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); Byrd v. Blue Ridge Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); and Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931). But once that determination is

made, it is for the federal courts to use federal standards in deciding whether a jury is to be used. Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857, supra; and Simler v. Conner, 372 U.S. 221, supra.

■ The peculiarity of this type of suit is that, if the defendant had instituted the action as one for a recovery under the insurance contract then she would be bringing a suit in the nature of the common law action of covenant. In such a case, the defendant would be entitled to a jury trial according to the dictates of the Seventh Amendment to the Constitution of the United States. See Moore's Federal Practice, Vol. 5 (2nd Ed., 1964), pp. 112–115. In fact, however, the plaintiff has taken the initiative and brought the suit for cancellation. A suit brought to cancel a contract is traditionally a suit in equity for which a jury is not constitutionally required. Moore's Federal Practice, Vol. 5, pp. 115–122, supra. But, it is further stated at page 121 of the treatise:

> "And although an action for rescission and cancellation is equitable, where such an action is brought to cancel an insurance policy because of fraud and the defendant counterclaims for the proceeds of the policy, the basic nature of the issue as thus presented is legal."

In further explanation, the treatise continues that due to the breadth of the federal rules in permitting joinder of claims and parties, multiple issues frequently appear. If these various types of issues are factually related, then the question of entitlement to a jury trial arises. "This should be determined by the basic nature of the issue as formulated." Moore's Federal Practice, Vol. 5, p. 149, supra.

At page 154, Vol. 5, Moore's Federal Practice relates more specifically to the problem at hand:

> "These same general principles are applicable to actions brought by an insurer, either for rescission and cancellation or for (what is essentially the same) a declaratory judgment of non-liability, and the beneficiary counterclaims for recovery on the contract. The plaintiff's claim is equitable in nature; the defendant's counterclaim is legal; the issues raised by the counterclaim are basic and hence there is a right of jury trial, if timely demanded."

The context of the discussion above is directed toward a jury determination of the insured's alleged obtaining of the life insurance policy through fraud. It is concluded that the issue of the alleged fraud is for a jury to determine. Moore's Federal Practice, Vol. 5, pp. 155–156, supra. Plaintiff in this action insists it is not claiming the insured's conduct amounted to fraud in obtaining the policy and in failing to answer certain written questions propounded to him. Rather, it insists, defendant failed to make "material representations" (as a matter of law).

■ This Court is not impressed with the difference in the device. Defendant, according to Rule 13(a) of the Federal Rules of Civil Procedure, must assert his counterclaim because he has a "Compulsory Counterclaim." (Prudential Ins. Co. of America v. Saxe, 77 U.S.App.D.C. 144, 134 F.2d 16 (U.S.C.A., D.C., 1943); and Moore's Federal Practice, Vol. 5, p. 156, supra). Defendant is entitled to a jury trial on those factual contentions raised by it and which go to the nature of the insured's conduct in obtaining the policy. If, by answer and counterclaim, other factual issues surrounding the conduct of the plaintiff, or its agents, have been raised for trial, then these issues too are for the jury to determine. In deciding whether there is a requirement for a jury when properly demanded, it is helpful to ask: would the beneficiary have had a remedy at law in the tradition of the common law if it had initiated suit? Moore's Federal Practice, Vol. 5, p. 158, supra. In this case she would have had available a suit in the nature of the common law action of covenant.

370

## ORDER

Therefore, it is ordered that plaintiff's motion that defendant's demand to strike trial by jury be, and the same is hereby overruled and denied.

It is further ordered that defendant's demand for trial by jury be, and the same is hereby allowed.

It is further ordered that the Clerk serve a copy of this Opinion and Order upon all counsel of record.